IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| AGRI-LABS HOLDINGS LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: _____ |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| TAPLOGIC, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Agri-Labs Holdings LLC ("Agri-Labs"), as and for its Complaint against Defendant TapLogic, LLC ("TapLogic"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by TapLogic of U.S. Patent No. 8,268,857.

**PARTIES**

2. Plaintiff Agri-Labs is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 915 Cardinal Court, Auburn, Indiana 46706.

3. Upon information and belief, Defendant TapLogic, LLC is a limited liability company organized and existing under the laws of the State of Kentucky, having its principal place of business at 90 Spruce Street, Murray, Kentucky 42071.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant TapLogic because, *inter alia*, Defendant has done and continues to do business in the State of Indiana, and upon information and belief, Defendant has committed and continues to commit acts of patent infringement in the State of Indiana, including offering for sale, selling, making available, and shipping accused products and services to customers in Indiana via mail, via its website at www.agphdsoiltest.com, through the Android App store on Google Play, and through Apple's iTunes App Store all of which are available to residents in this judicial district. During its investigation into this matter, Agri-Labs purchased and installed products and services from Defendant accused of infringement herein in the State of Indiana and within this judicial district. Further, upon information and belief, TapLogic was marketing, promoting and selling its related Farm Logic products and services at the Fort Wayne Farm Show from January 13-15, 2015 at The Allen County War Memorial Coliseum.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Plaintiff's principal place of business is in this judicial district, the Patent-in-Suit, as defined below, is assigned to Plaintiff, Defendant is subject to personal jurisdiction in this district, and, upon information and belief, Defendants have committed and continue to commit acts of patent infringement in this district, including offering for sale and selling the accused products and services by mail and via its website at www.agphdsoiltest.com, through the Android App store on Google Play, and through Apple's iTunes App Store within this district.

**PATENT-IN-SUIT**

7. On October 16, 2012, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,286,857 (the "`857 Patent" or the "Patent-in-Suit"), entitled

2

"Soil Sample Tracking System and Method," based upon an application filed by inventor Tony Wayne Covely. A true and correct copy of the `857 Patent is attached hereto as Exhibit A.

8. The `857 Patent generally relates to a system and method for performing soil analysis that uses smart phones, applications for smart phones, soil containers having unique identifiers, and global positioning.

9. By assignment, Agri-Lags is the owner of the `857 Patent and has the right to sue and recover damages for infringement thereof.

## FACTUAL ALLEGATIONS

10. Upon information and belief, TapLogic is selling and offering for sale in the United States a product it refers to as the "Ag PhD Soil Test."

11. According to online records, TapLogic is the owner of the domain name "www.agphdsoiltest.com" under which the infringing product and service is offered for sale and sold to customers. *See* Exhibit B.

12. TapLogic provides its customers with a plurality of soil containers that include a unique identifier.

13. TapLogic instructs customers to manually pull soil samples from a field and place the soil sample in a respective container.

14. TapLogic provides customers with an Android or Apple "Ag PhD" app that is configured to be installed on a smart phone or tablet.

15. The Ag PhD app allows the user to enter a farm/client name and a field identifier.



16. The Ag PhD app includes software that is configured to allow the user to scan the barcode on the soil containers using their smart phone or tablet.



17. The Ag PhD app obtains a GPS coordinate reading associated with a location in the field from where the soil sample is taken and associates the GPS coordinate reading with the soil container by way of the barcode contained on the soil container once it is scanned.

18. On December 4, 2014, Agri-Labs sent a letter to TapLogic attempting to amicably resolve this matter with TapLogic.

19. As of the filing of this Complaint, TapLogic has not meaningfully responded to Agri-Labs' letter.

## COUNT I

### INFRINGEMENT OF THE `857 PATENT BY TAPLOGIC

20. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

21. Upon information and belief, TapLogic has infringed one or more claims of the `857 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, products, services, and systems referred to as the Ag PhD Soil Test.  Upon information and belief, TapLogic's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

22. Upon information and belief, TapLogic has induced infringement of one or more claims of the `857 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its customers and end users, to make, use, sell, and/or offer to sell in the United States, products, services, and systems, made in accordance with the `857 Patent, including, but not limited to the Ag PhD Soil Test, by, among other things, providing instructions, manuals, applications, soil containers, and technical assistance relating to the installation, set up, use, operation, and maintenance of the accused products, services, and systems.  Upon information and belief, TapLogic's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

23. Upon information and belief, TapLogic has contributorily infringed and continues to contributorily infringe the `857 Patent by selling and/or offering to sell the Ag PhD Soil Test, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer or end user, can only be used in a way that infringes the `857 Patent.  Upon information and belief, TapLogic's contributory infringement is ongoing.

24. Upon information and belief, TapLogic has committed the foregoing infringing activities without license from Agri-Labs.

25. As a result of TapLogic's infringement of the `857 Patent, Agri-Labs has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for TapLogic's infringement, but in no event less than a reasonably royalty, together with interest and costs.

26. Agri-Labs has suffered and will continue to suffer harm and damages in the future unless TapLogic's infringing activities are enjoined by this Court. As such, Agri-Labs is entitled to compensation for any continuing or future infringement up until the date that TapLogic is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

27. Agri-Labs demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Agri-Labs respectfully prays for the following releif:

A. That TapLogic be adjudged to have infringed the `857 Patent;

B. That TapLogic, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the `857 Patent;

C. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Agri-Labs for TapLogic's past infringement and any continuing and/or future infringement up until the date that TapLogic is finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interests and costs against TapLogic, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284;

E. That TapLogic be directed to pay enhanced damages, including Agri-Labs' attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F. That Agri-Labs be given such other and further relief as this Court may deem just and proper.

Dated: 1-22-15

_____
Dean E. McConnell, Esq.  Atty No. 20254-49
DEAN MCCONNELL IP Law
8038 N 600 W, Suite 200
Indianapolis, IN  46055

Phone:  (317) 653-2660
Fax:  (317) 653-2661

Email:  dean@dean-mcconnell.com