# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| AGRI-LABS HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:15-CV-26 |
| TAPLOGIC, LLC, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a joint motion by the parties seeking approval of a proposed agreed protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 22). Because the proposed order is inadequate in several ways, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same); *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. Instead it allows a party to designate material confidential "if it contains or reflects confidential, proprietary, and/or commercially sensitive information."

(Proposed Agreed Protective Order ¶ 7(a)). The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid.[1] *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"[I]f the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Also, the Court is unwilling to approve paragraph 10(m) of the proposed order, which allows an entire document to be filed under seal merely because it contains some confidential information. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). The proposed order contemplates sealed filings, and as such, requires a higher level of scrutiny.

portions of the document).

In addition, paragraph 20 of the proposed order states that the Court shall retain jurisdiction after the termination of this action to resolve any disputes arising out of the protective order. The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order must "make[] explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order, however, does not contain this language.

In sum, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Therefore, the Court DENIES the joint motion for approval of the proposed agreed protective order. (DE 23). The parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 27th day of April 2015.

S/ Susan Collins
Susan Collins,
United States Magistrate Judge