# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| AGRI-LABS HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:15-cv-26-RLM-SLC |
| | ) | |
| TAPLOGIC LLC, | ) | |
| | ) | |
| Defendant/Counter Claimant. | ) | |

## OPINION AND ORDER

Before the Court is a Second Joint Motion for Entry of Agreed Protective Order, seeking approval of a revised, proposed agreed protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 39). Because the parties' proposed order is still overly broad, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). As explained in this Court's April 27, 2015, Order (DE 24), a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Ins. Co.,* 178 F.3d at 946; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

The proposed order again fails to set forth properly demarcated categories of legitimately confidential information. Instead it allows a party to designate material confidential if "it contains or reflects non-public, confidential, proprietary, and/or commercially sensitive

information." (DE 39-1 ¶ 7(a)).  This definition of "confidential" is exactly the same as set forth in the parties' first proposed order (DE 23 ¶ 7(a)), except that the word "non-public" has been added.

Defining the term "confidential" by using only words such as "confidential," "proprietary," or "commercially sensitive" does not create adequately demarcated categories. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").  Consequently, the Court is not satisfied that the parties know what information constitutes "confidential" information.  *See Cincinnati Ins. Co.*, 178 F.3d at 946.

Nor does the addition of the term "non-public" cure the problem.  "Non-public is too vague.  If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors."  *Cook*, 206 F.R.D. at 248.

> If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available.  They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Id.* at 249.  The Seventh Circuit Court of Appeals has repeatedly held that overly broad

2

protective orders are invalid.[1]  *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Accordingly, the Second Joint Motion for Entry of Agreed Protective Order (DE 39) is DENIED.  The parties may submit a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 24th day of July 2015.

S/ Susan Collins
Susan Collins,
United States Magistrate Judge

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharm.*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008).  The proposed order contemplates sealed filings (DE 39-1 ¶ 15), and as such, requires a higher level of scrutiny.

3