UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| AGRI-LABS HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00026-RLM-SLC |
| | ) | |
| TAPLOGIC, LLC, | ) | |
| | ) | |
| Defendant/Counter-Claimant. | ) | |

**OPINION AND ORDER**

Before the Court in this case alleging patent infringement is a motion filed by Plaintiff/Counter-Defendant Agri-Labs Holdings, LLC, asking that the Court order Defendant/Counter-Claimant TapLogic, LLC, to serve more detailed preliminary non-infringement contentions ("PNICs"). (DE 33). Agri-Labs contends the PNICs that TapLogic served on July 1, 2015, are deficient, providing "nothing more than vague, conclusory language that simply mimics the language of the claims when identifying its theories of non-infringement." (DE 33 at 4). After considering the parties' briefs on the motion (DE 36, 38), together with their oral argument (DE 37), the Court agrees that TapLogic's PNICs are inadequate, and thus, will GRANT Agri-Labs's motion.

*A. Factual and Procedural Background*

Agri-Labs represents that it is the owner of a patent entitled "Soil Sample Tracking System and Method" relating to a system and method for performing soil analysis that uses smart phones and applications for smart phones. (DE 1 ¶¶ 7-9). On January 22, 2015, Agri-Labs filed this suit against TapLogic, alleging that TapLogic is infringing Agri-Labs's patent by making, using, and selling a smart phone application called "Ag PhD Soil Test." (DE 1 ¶¶ 10, 21). On

February 17, 2015, TapLogic filed counterclaims seeking a declaratory judgment that it has not infringed Agri-Labs's patent and that the claims of the patent are invalid. (DE 11 at 6-7).

On April 27, 2015, this Court held a preliminary pretrial conference and approved, with several exceptions, the Report of the Parties' Planning meeting submitted by the parties. (DE 22; DE 25). In doing so, the Court set June 1, 2015, as the date for Agri-Labs to serve its preliminary infringement contentions ("PICs") and for TapLogic to serve its PNICs. (DE 25). The parties later agreed to extend this deadline to July 1, 2005, and they did then exchange their respective PICs and PNICs on that date. (DE 33 at 2). One week later, Agri-Labs filed the instant motion, alleging that TapLogic's PNICs were deficient. (DE 33).

*B. Applicable Law*

Local Patent Rule 3-1(b) requires a party serving PICs to provide an infringement-claim chart for each accused product or process (the "accused instrumentality"). N.D. Ind. L.P.R. 3-1(b). Each claim chart must contain the following contentions: (1) "each claim of each patent in suit that is allegedly infringed by the accused instrumentality;" (2) "[a] specific identification of where each limitation of the claim is found within each accused instrumentality, including . . . the identity of the structures, acts, or materials in the accused instrumentality that performs the claimed function"; and (3) "[w]hether each limitation of each asserted claim is literally present in the accused instrumentality or present under the doctrine of equivalents." N.D. Ind. L.P.R. 3-1(b).

Local Patent Rule 3-1(g) states that this same disclosure process applies in declaratory-judgment actions in which the plaintiff is asserting non-infringement, invalidity, or unenforceability of the patent in suit. N.D. Ind. L.P.R. 3-1(g). "The overriding principle of the

[Local Patent Rules] is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003).

*C. Discussion*

Here, Agri-Labs argues that TapLogic's PNICs fail to comply with Local Patent Rule 3-1, asserting that they are vague and conclusory, merely mimic the language of the claims when identifying infringement, and fail to meaningfully provide any explanation for its position of non-infringement. Agri-Labs urges that TapLogic must analyze all available information before bringing its counterclaims and explain in sufficient detail its theories of non-infringement.

The Court has now reviewed TapLogic's PNICs. (DE 33-2). As Agri-Labs asserts, the PNICs merely recite the language of the claims and then deny that the Ag PhD Soil Test performs such function or include such feature. For example, for the portion of Claim 1 described as "scanning said unique identifier associated with said soil sample container containing said at least one soil sample with a handheld remote terminal, wherein said handheld remote terminal includes a handheld remote terminal sampling application," Agri-Labs responds: "Ag PhD Soil Test does NOT scan said unique identifier associated with said soil sample container containing said at least one soil sample with a handheld remote terminal, wherein said handheld remote terminal includes a handheld remote terminal sampling application." (DE 33-2 at 1). This approach of simply reciting the portion of the claim language and then denying that it performs such function or includes such feature is repeated throughout TapLogic's PNICs.

At oral argument, TapLogic argued that it could not elaborate on a function that the Ag PhD Soil Test does not perform or a feature that it does not include, and thus, could not draft more detailed PNICs. The Court, however, is not persuaded. In *Emcore Corp. v. Optium Corp.*, No. 06-1202, 2007 WL 852557 (W.D. Pa. Mar. 16, 2007), the defendant served PNICs that, like here, merely recited back the portion of the claim and then declared that it did not infringe the function literally or under the doctrine of equivalents. *Id*. at *2. The Court found the PNICs deficient under the local patent rules and ordered the defendant to file amended PNICs "setting forth specific reasons and relevant distinctions as to why such element is not present literally or under the doctrine of equivalents . . . ." *Id.*; *see G. Vincent Ltd. v. Dux Area, Inc.*, No. C09-383, 2009 WL 5125387, at *1-2 (W.D. Wash. Dec. 18, 2009) (same). Here too, TapLogic will be ordered to file amended PNICs that meaningfully explain in adequate detail why such element is not present literally or under the doctrine of equivalents.

In sum, "[t]he purpose of infringement [and non-infringement] contentions is to provide notice of the plaintiff's theories of infringement [and the defendant's theories of non-infringement] early in the case because, in practice, it is difficult to obtain such information through traditional discovery means, such as interrogatories." *Fujitsu Ltd. v. Tellabs Operations, Inc.*, No. 08 C 3379, 09 C 4530, 2012 WL 5444979, at *4 (N.D. Ill. Mar. 21, 2012). Here, TapLogic's cursory PNICs fail to provide such notice. Therefore, Agri-Labs's motion seeking an order requiring TapLogic to serve more detailed PNICs (DE 33) will be granted.

### D. Conclusion

For the foregoing reasons, Agri-Labs's motion seeking an order requiring TapLogic to serve detailed PNICs (DE 33) is granted. TapLogic is ORDERED to serve Agri-Labs with

amended preliminary non-infringement contentions in accordance with this Opinion and Order on or before August 14, 2015.

SO ORDERED.

Entered this 31st day of July 2015.

S/ Susan Collins
Susan Collins,
United States Magistrate Judge