UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AGRI-LABS HOLDINGS, LLC, | ) |
| | ) |
|     Plaintiff/Counter Defendant, | ) |
| | ) |
| v. | )   Case No. 1:15-cv-00026-RLM-SLC |
| | ) |
| TAPLOGIC, LLC, | ) |
| | ) |
|     Defendant/Counter Claimant. | ) |

## OPINION AND ORDER

Before the Court is an objection and motion to quash subpoena (DE 55) filed by Agri-Labs, Inc., a non-party, seeking to quash pursuant to Federal Rule of Civil Procedure 45 a subpoena *duces tecum* issued by Defendant TapLogic, LLC. Because the motion to quash was filed in the wrong court, however, it will be denied.

To explain, the subpoena, which was issued by the Northern District of Indiana, was served to the registered agent of Agri-Labs, Inc., in Auburn, Indiana. The subpoena, however, commanded the production of documents, electronically stored information, or objects at McConnell Law Firm in McCordsville, Indiana, which is located in the Southern District of Indiana. (*See* DE 55-2).

Federal Rule of Civil Procedure 45(d)(3) provides that a motion to quash a subpoena should be filed with "the court for the district *where compliance is required* . . . ." (Emphasis added). "Most courts look to the subpoena to determine where compliance is required." *Ellis v. Arrowood Indem. Co.*, No. 2:14-mc-146, 2014 WL 4365273, at *3 (S.D. W. Va. Sept. 2, 2014) (citation omitted). Because the subpoena directed Agri-Labs, Inc., to produce the subpoenaed documents in McCordsville, Indiana, which is in the Southern District of Indiana, this Court does

not have authority to rule on the motion to quash. *See, e.g.*, *Tomelleri v. Zazzle, Inc.*, No. 13-cv-02576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (stating that the "district where compliance is required" was the district in which the documents are to be produced); *Ellis*, 2014 WL 4365273, at *3 ("Under post-2013 Rule 45, the proper court to resolve a motion to quash is the court in the district where compliance is required."); *U.S. Risk Ins. Group, Inc. v. U.S. Risk Mgmt., LLC*, No. 3:11-cv-2843-M-BN, 2014 WL 4055372, at *1 (N.D. Tex. Aug. 15, 2014) (concluding that the court lacked the power to compel compliance with the subpoena because it required production of documents in another district); *Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1 (S.D. Ohio Apr. 18, 2014) (concluding that it lacked the power to quash the subpoena *duces tecum* because it required production of the documents in another district).

"Although a transfer of a motion to quash from the court where compliance is required to the issuing court is permitted under the rule in certain circumstances, any such transfer is not initiated by the issuing court." *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3935726, at *1 (D. Kan. June 26, 2015) (citing Fed. R. Civ. P. 45(f)); *see also Elliot v. Mission Tr. Servs., LLC*, No. 14 C 9625, 2015 WL 1567901, at *2 (N.D. Ill. Apr. 7, 2015). As such, this Court, as the issuing court, cannot initiate a transfer of the motion the quash.

In sum, the motion to quash should have been filed in the Southern District of Indiana where compliance with the subpoena is required, rather than the Northern District of Indiana where the subpoena was issued. For this reason, non-party Agri-Labs Inc.'s objection and motion

to quash subpoena (DE 55) is DENIED without prejudice.

SO ORDERED.

Entered this 20th day of October 2015.

S/ Susan Collins
Susan Collins
United States Magistrate Judge