# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| AGRI-LABS HOLDINGS, LLC, | ) |
| | ) |
|     Plaintiff/Counter Defendant, | ) |
| | ) |
| v. | )    Case No. 1:15-cv-00026-RLM-SLC |
| | ) |
| TAPLOGIC, LLC, | ) |
| | ) |
|     Defendant/Counter Claimant. | ) |

## OPINION AND ORDER

Before the Court is a motion to disqualify filed by Defendant TapLogic, LLC ("TapLogic"), in which TapLogic seeks to disqualify Attorney Dean McConnell as counsel to Plaintiff Agri-Labs Holdings, LLC ("Agri-Labs"), in this action. (DE 49). This motion is now fully briefed and therefore ripe for adjudication. (DE 52; DE 58). For the following reasons, TapLogic's motion will be GRANTED IN PART and DENIED IN PART.

### A. *Factual and Procedural Background*

On January 22, 2015, Agri-Labs filed this action against TapLogic, alleging that TapLogic infringed on Agri-Labs's patent, specifically U.S. Patent No. 8,268,857 ("the '857 Patent"), by selling a product called the "Ag PhD Soil Test." (DE 1 ¶¶ 1, 10). The '857 Patent was issued by the United States Patent and Trademark Office ("USPTO") on October 16, 2012, for a "Soil Sample Tracking System and Method" based upon an application filed by inventor Tony Wayne Covey; Agri-Labs now owns the '857 Patent. (DE 1 ¶¶ 7, 9). The '857 Patent "generally relates to a system and method for performing soil analysis that uses smart phones, applications for smart phones, soil containers having unique identifiers, and global positioning." (DE 1 ¶ 8). Agri-Labs alleges in this suit that TapLogic has infringed on the '857 Patent by

making, using, offering to sell, and/or selling the Ag PhD Soil Test product in the United States. (DE 1 ¶ 21).

Tap-Logic filed its answer and a counterclaim against Agri-Labs on February 17, 2015. (DE 11). In the counterclaim, Tap-Logic seeks a declaratory judgment of invalidity and noninfringement of the '857 Patent. (DE 11 at 6-7).

Attorney McConnell filed an appearance on behalf of Agri-Labs on January 22, 2015, the same date that Agri-Labs filed the complaint initiating the case against TapLogic. (DE 2). TapLogic filed the instant motion to disqualify Attorney McConnell on August 31, 2015, contending that his serving as both prosecution counsel and litigation counsel for Agri-Labs will prejudice TapLogic because (1) Attorney McConnell is a necessary witness in this case and therefore should be disqualified under Indiana Rule of Professional Responsibility 3.7; and (2) there is no way to prevent Agri-Labs from using Tap-Logic's trade secrets to draft and prosecute future claims in pending patent applications, unless Attorney McConnell is disqualified, due to his dual role as both litigation and prosecution counsel for Agri-Labs. (DE 49 at 6-10).

In response, Agri-Labs contends that TapLogic's motion to disqualify should be denied because TapLogic has failed to meet its burden of concretely establishing the necessity of disqualification, and TapLogic instead "has presented to the Court a myriad of conjecture, speculation and misstated authority." (DE 52 at 1-2). Agri-Labs distinguishes the case cited by TapLogic in support of its argument that Attorney McConnell should be disqualified pursuant to Indiana Rule of Professional Responsibility 3.7, *Interactive Coupon Marketing Group, Inc. v. H.O.T.! Coupons, LLC*, No. 98 C 7408, 1999 WL 409990 (N.D. Ill. June 7, 1999) ("*Hot Coupons*"), from the instant case, as Agri-Labs contends that *Hot Coupons* involved allegations

of inequitable conduct during the prosecution of the patent raised as an affirmative defense by the defendant, which is not an issue here. Agri-Labs also states that in *Hot Coupons*, the court denied the motion to disqualify because the defendants could not show, at that stage of the proceedings, what the prosecuting attorneys would testify to at trial, and therefore could not meet its burden of showing the necessary prejudice. Agri-Labs therefore contends that Attorney McConnell should not be disqualified as a necessary witness in this case under Rule 3.7 at this stage of the proceedings. With respect to TapLogic's second argument that Attorney McConnell should be disqualified to prevent disclosure of TapLogic's trade secrets, Agri-Labs argues that any potential disclosure can be prevented by the entry of a protective order prohibiting the participating of any of Agri-Labs's litigation attorneys who are privy to confidential information such as trade secrets from TapLogic. Additionally, Agri-Labs contends that TapLogic's argument concerning disclosure of trade secrets to Attorney McConnell is now moot, because Attorney McConnell has transferred all pending patent applications for Agri-Labs to another attorney, Attorney McConnell's power of attorney to prosecute patent applications for Agri-Labs has been revoked, and Attorney McConnell is no longer prosecuting any pending patent applications for Agri-Labs. Finally, Agri-Labs argues against Attorney McConnell being disqualified at this stage in the litigation because it would cause substantial hardship on Agri-Labs.

In its reply brief, TapLogic contends that Agri-Labs has conceded that a protective order could not be crafted with Attorney McConnell serving as patent prosecutor for Agri-Labs in patent applications that claim priority to the patent in suit by naming another attorney as patent prosecutor. (DE 58 at 1-2). TapLogic therefore requests that the Court prohibit Agri-Labs or any

successor from making Attorney McConnell its patent prosecutor for the applications claiming priority to the patent in this suit for at least one year after final judgment in this action and after all appeals have been ruled upon or the date for appeals has expired.  TapLogic also argues that its motion to disqualify Attorney McConnell is not premature, because unlike in *Hot Coupons*, a case in which several lawyers from the same firm had been associated on the case, and where if one had to testify, another could serve as trial counsel, in the instant case, no other attorneys have been associated with Attorney McConnell for Agri-Labs on the case.  Because Attorney McConnell is a sole practitioner that is both the only prosecution counsel and the only litigation counsel, TapLogic contends he should be disqualified.  TapLogic argues that only the prosecuting attorney can testify as to issues of enforceability and why prior art was not submitted.  TapLogic contends that Attorney McConnell violated his duty of candor to the USPTO when he represented that the one art reference did not disclose manual pulling of soil, as TapLogic states that this prior art does disclose manual pulling of soil, which shows Attorney McConnell's statement was false.  Finally, TapLogic argues that there is no substantial hardship to Agri-Labs here because they should have known from the outset that Attorney McConnell may be a necessary witness, given that Agri-Labs chose to rely upon the same counsel to prosecute the patent and litigate this lawsuit.

## B.  Law & Analysis

The Northern District of Indiana has adopted the Indiana Rules of Professional Conduct, *see* N.D. Ind. L. R. 83-5(e), which prohibit a lawyer from serving as an advocate at a trial in which he is likely to be a necessary witness, unless the testimony relates to an uncontested issue or relates to the nature and value of legal services rendered in the case, or if the disqualification

of the lawyer would work substantial hardship on the client. Ind. Rules of Prof'l Conduct 3.7. "The commentary to Rule 3.7 also provides that the opposing party has a proper objection when the combination of roles may prejudice that party's rights in the litigation." *Hutchinson v. Spanierman*, 190 F.3d 815, 828 (7th Cir. 1999). "In determining whether to disqualify counsel, a court is directed by Rule 3.7 to conduct a balancing between the interests of the client and those interests of the opposing party." *Id.*

Thus, the Court must balance the interests of Agri-Labs in keeping Attorney McConnell as counsel in this litigation against the interests of TapLogic in Attorney McConnell's disqualification. The Court will first address TapLogic's arguments regarding disqualification of Attorney McConnell as a necessary witness, before turning to TapLogic's arguments regarding disqualification of Attorney McConnell to protect TapLogic's confidential information.

*1. Attorney McConnell Will Not Be Disqualified
as a Necessary Witness at this Time*

TapLogic has moved to disqualify Attorney McConnell on grounds that he will be a necessary witness under Indiana Rule of Professional Responsibility 3.7. TapLogic contends that Attorney McConnell will be a necessary witness regarding his prosecution of the patent application; a document he drafted to support the claim construction, called a Response to Office Action; and possible inequitable conduct by Agri-Labs and Attorney McConnell in failing to disclose prior art pertaining to manual pulling of samples. (DE 49 at 7-8).

"Given that inequitable conduct claims are frequently asserted as almost a reflex to infringement claims, the court has no reason to believe that just because the charge has been made, it will be proven." *Hot Coupons*, 1999 WL 409990, at *2 (citations omitted). The Court

agrees with the well-reasoned opinion by the Northern District of Illinois in *Hot Coupons* that courts should not "routinely disqualify trial counsel simply because trial counsel's firm also prosecutes patents." 1999 WL 409990, at *2.

TapLogic seeks to prove that in prosecution of the '857 patent, Agri-Labs and Attorney McConnell engaged in inequitable conduct by, among other things, failing to be truthful to the USPTO regarding prior art that did include manual pulling of soil samples. TapLogic's argument that Attorney McConnell's testimony is necessary is essentially that his testimony is necessary because TapLogic needs it to show that the undisclosed prior art was material to the patent prosecution and that the prosecuting attorneys and their client intended to withhold the known prior art. TapLogic states, however, that "[a]t this point, all of the potential topics for Dean McConnell's testimony at trial have not been fully fleshed out and will not be until his deposition." (DE 49 at 8). Nevertheless, TapLogic states that it is seeking to disqualify Attorney McConnell now, prior to his deposition, because it "suspects if it waits until after Mr. McConnell's deposition that Agri-Labs will claim it will suffer more prejudice." (DE 49 at 8).

"Testimony is prejudicial when the 'projected testimony of a lawyer or firm member is sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" *Coolsavings.com Inc. v. E-Centives, Inc.*, No. X, 2000 WL 1262929, at *3 (N.D. Ill. Sept. 1, 2000) (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989); *Hot Coupons*, 1999 WL 409990, at *3). TapLogic bears the burden of showing that Attorney McConnell's testimony would substantially prejudice Agri-Labs. *Id.* (citing *Hot Coupons*, 1999 WL 409990, at *3). Where an attorney's testimony would be duplicative of the client's

testimony, the attorney's testimony is cumulative and therefore is not necessary. *Hot Coupons*, 1999 WL 409990, at *3 (citing *Mitts & Merrill, Inc. v. Shred Pax Corp.*, 112 F.R.D. 349, 353-54 (N.D. Ill. 1986); *Gaull, M.D. v. Wyeth Labs., Inc.*, 687 F. Supp. 77, 80 (S.D.N.Y. 1988)). As in *Hot Coupons*, it is too early to tell whether TapLogic's claims of inequitable conduct have merit or whether Attorney McConnell's testimony will be adverse to Agri-Labs; thus the Court will not disqualify Attorney McConnell as counsel to Agri-Labs at this point in the litigation. TapLogic's motion will therefore be DENIED IN PART without prejudice as to disqualifying Attorney McConnell as a necessary witness. If a conflict becomes clear at a later date, TapLogic is free to make another motion to disqualify.

*2. Attorney McConnell Will Not Be Disqualified to Protect TapLogic's
Confidential Information as a Barring Order Will Suffice*

TapLogic seeks to disqualify Attorney McConnell from representing Agri-Labs in this matter because Attorney McConnell prosecutes patents for Agri-Labs, and his access to TapLogic's trade secrets and other confidential information during the course of this litigation would give Agri-Labs a competitive advantage when drafting claims in pending patent applications. TapLogic argues that Attorney McConnell would be able to redraft claims in applications that claim priority to the '857 patent and use TapLogic's trade secrets to later sue TapLogic or its clients for infringement on subsequently issued patents. TapLogic therefore requests that Attorney McConnell "be removed from this case, and/or from further prosecution of Covely's patent applications." (DE 49 at 10).

Agri-Labs, in its response to TapLogic's motion to disqualify, argues that TapLogic should have sought patent prosecution bar language in a protective order rather than seeking to

disqualify Attorney McConnell, but states that TapLogic agreed to a protective order which did not include such language.  Agri-Labs contends that this shows TapLogic's abusive intent in moving to disqualify Attorney McConnell.  Agri-Labs further represents that Attorney McConnell has now transferred all pending patent applications for Agri-Labs to another patent attorney, John T. Woods, III.  Agri-Labs states that Attorney McConnell's power of attorney to prosecute Agri-Labs's patent applications has been revoked, and Attorney McConnell is no longer prosecuting any patent applications for Agri-Labs.  Agri-Labs thus contends that TapLogic's arguments regarding the disqualification of Attorney McConnell due to his access to TapLogic's trade secrets are moot.

In TapLogic's reply to Agri-Labs's response, TapLogic recognizes that Agri-Labs has removed Attorney McConnell as its patent prosecutor, and argues that this removal shows that Agri-Labs has conceded that a protective order could not have been crafted with Attorney McConnell serving as patent prosecutor in patent applications that claim priority to the patent in this lawsuit.  TapLogic now requests that Agri-Labs or any successor not be permitted to change the prosecution back to Attorney McConnell until at least one year after the final judgment in this action and all appeals have been ruled upon or the time for appeals has expired.

Agri-Labs's removal of Attorney McConnell as its patent prosecutor appears to resolve TapLogic's arguments that Attorney McConnell should be disqualified as counsel in this case due to his access to TapLogic's trade secrets in this case.  Thus, TapLogic's motion to disqualify Attorney McConnell is DENIED IN PART as to arguments regarding his access to and use of TapLogic's trade secrets and confidential information.  However, the issue remains whether the Court should order that Attorney McConnell may not be reinstated as patent prosecutor for Agri-

8

Labs or its successor within a year following the final resolution of this case and any appeals.

In *Hot Coupons*, the case with facts analogous to the instant matter, the court barred the plaintiff's patent counsel from reviewing any of the defendant's confidential information. 1999 WL 409990, at *5. In ruling on a motion for reconsideration, the court revised its order to clarify that "all of plaintiff's attorneys who are privy to confidential information obtained from defendant in discovery shall not participate in the prosecution of any patent application for plaintiff relating to the subject matter of the patents in suit during the pendency of this case and for one year after the conclusion of this litigation, including appeals." *Interactive Coupon Mktg Grp., Inc. v. H.O.T.! Coupons, LLC*, No. X, 1999 WL 618969, at *4 (N.D. Ill. Aug. 9, 1999).

Here, as Attorney McConnell is no longer prosecuting patents for Agri-Labs, barring him from viewing confidential information and trade secrets disclosed by TapLogic would not be appropriate. It is appropriate, however, to bar Agri-Labs or its successor from reinstating Attorney McConnell–for a period of one year after the final resolution of this case, including appeals–as its patent prosecutor in patent applications that claim priority to the patent in suit here. Thus, Tap-Logic's motion will be GRANTED IN PART as to TapLogic's request for an order barring Attorney McConnell's reinstatement by Agri-Labs as patent prosecutor of patent applications that claim priority to the patent in suit here, until at least one year after the final resolution of this case, including appeals.

### C. Conclusion

Accordingly, TapLogic's motion to disqualify (DE 49) is GRANTED IN PART and DENIED IN PART as follows:

    (1)     DENIED IN PART at this time without prejudice, with

9

(continued)

respect to TapLogic's request that Attorney McConnell be disqualified as a necessary witness;

(2) DENIED IN PART as moot, with respect to TapLogic's request that Attorney McConnell be disqualified due to his access to and use of TapLogic's trade secrets and other confidential information; and

(3) GRANTED IN PART, in that Attorney McConnell shall not participate in the prosecution of any patent application claiming priority to the patent in suit for Agri-Labs or any successor during the pendency of this case and for one year after the conclusion of this litigation, including any appeals.

SO ORDERED.

Entered this 29th day of October 2015.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge