# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| AGRI-LABS HOLDING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:15-CV-26-TLS |
| | ) |
| TAPLOGIC LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Agri-Labs' Motion To Strike TapLogic's Motion For Summary Judgment, Request Under Federal Rule of Civil Procedure 56(d) and Request For Court Ordered Mediation [ECF No. 133], filed on July 18, 2017, and Agri-Labs' Motion To Strike TapLogic's Motion For Summary Judgment, Request Under Federal Rules Of Civil Procedure 56(d) [ECF No. 135], filed on August 4, 2017. The Plaintiff moves to strike the entirety of the Defendant's two Summary Judgment Motions [ECF Nos. 129, 131] on the grounds that the Defendant did not comply with Local Rule 56-1(a) because it failed to include a Statement of Material Facts either in the memorandum or attached as an appendix. The Plaintiff also argues that the facts the Defendant did include in its first Motion [ECF No. 129] do not appear to have any relation to the subject matter of the Motion. Thus, the Plaintiff argues, both of the Defendant's Motions for Summary Judgment should be stricken.

The Plaintiff further argues that it requires additional time to conduct discovery prior to responding to the Defendant's Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d)[1] and asks the Court to extend the period for responding to the Defendant's

---

[1] Although, pursuant to Local Rule 7-1(a), the Plaintiff should have filed a separate 56(d) motion, in the interest of judicial economy, the Court will consider the Plaintiff's request.

Motions. Alternatively, the Plaintiff asks the Court to deny the Defendant's Motions for Summary Judgment. Finally, the Plaintiff asks the Court to order the parties to engage in non-binding mediation.

For the reasons set forth below, the Court denies Agri-Labs' Motions to Strike TapLogic's Motions For Summary Judgment, denies the Plaintiff's Requests Under Federal Rules Of Civil Procedure 56(d), and denies the Plaintiff's Request For Court Ordered Mediation.

## PROCEDURAL HISTORY

On January 22, 2015, Agri-Labs Holdings LLC filed a Complaint against TapLogic LLC, alleging that TapLogic's "Ag PhD Soil Test" product infringed Agri-Labs' U.S. Patent No. 8,286,857. TapLogic counterclaimed for invalidity and asserted various affirmative defenses, including noninfringement and lack of personal jurisdiction by the Court.

On June 21, 2017, the Defendant filed a Motion for Summary Judgment [ECF No. 129] on its invalidity counterclaim and lack of jurisdiction defense. On July 6, 2017, the Defendant filed a Second Motion for Summary Judgment on its noninfringement defense [ECF No. 131]. The Plaintiff moved to strike the Defendant's Motion for Summary Judgment on invalidity and lack of jurisdiction on July 18, 2017, arguing that the Defendant failed to include a statement of material facts in accordance with Local Rule 56-1(a). The Plaintiff also argues that none of the facts included in the Defendant's Motion were in any way related to the patent invalidity issue— one of the subjects of the Motion. The Defendant responded to the Plaintiff's first Motion to Strike on July 31, 2017 [ECF No. 134]. Although the Defendant disputed the Plaintiff's characterization of the fact section of its Motion, the Defendant appended a Statement of

Material Facts [ECF No. 134-3] to its Response to the Plaintiff's Motion to Strike. The Plaintiff has not filed a reply.

The Plaintiff also moved to strike the Defendant's Motion for Summary Judgment for noninfringement on August 4, 2017, again arguing that the Defendant failed to include a Statement of Material Facts pursuant to Local Rule 56-1(a). The Defendant responded to the Plaintiff's Motion on August 28, 2017 [ECF No. 136], incorporating by reference its arguments in its July 31, 2017 Response.

In both of its Motions to Strike, the Plaintiff also requested additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(d) in order to adequately respond to the Defendant's Motions for Summary Judgment. The Plaintiff argues that it has not yet had the opportunity to depose Hoyt Choate—a key witness according to the Plaintiff—due to previous discovery disputes. In its Response to the Plaintiff's First Motion to Strike, the Defendant argues that further discovery under 56(d) is unwarranted because the Plaintiff "has had over 2 1/2 years to depose Hoyt Choate," that the Plaintiff "will gain nothing from deposing Mr. Choate," that the "alleged discovery dispute was resolved on or before March 22, 2017," and that the Plaintiff was "not serious about wanting [Mr. Choate's] deposition" because it had not yet noticed a date to take Mr. Choate's deposition. (Def. Resp. to Pl.'s First Mot. to Strike 2, ECF No. 134.) As of the filing of the Plaintiff's Second Motion to Strike, Mr. Choate's deposition had been scheduled for August 17, 2017. In the Defendant's Response to the Plaintiff's Second Motion to Strike, the Defendant informed the Court that the "Plaintiff chose not to take Hoyt Choate's deposition on August 17th and has not rescheduled." (Def. Resp. to Pl.'s Sec. Motion to Strike 1, ECF No. 136.)

Finally, in its First Motion to Strike, the Plaintiff asks this Court to order the parties to engage in non-binding mediation. The Defendant did not respond to this request.

**ANALYSIS**

**A.      Plaintiff's Motion to Strike For Failure To Comply With The Local Rules**

Local Rule 56-1(a) for the Northern District of Indiana provides that "[t]he brief supporting a summary-judgment motion or the brief's appendix must include a section labeled 'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." It is within the Court's discretion "whether to apply a local rule strictly or to overlook any transgression." *Peele v. Burch*, 722 F.3d 956, 961 (7th Cir. 2013); *see also Stanciel v. Gramley*, 267 F.3d 575, 579 (7th Cir. 2001); *Little v. Cox's Supermarkets*, 71 F.3d 637, 640 (7th Cir. 1995). The Defendant has now filed with the Court a Statement of Material Facts, albeit, unattached to either of its Summary Judgment Motions. "While [the Plaintiff] arguably has a point about the manner in which [the Defendant] filed [its] Statement of Facts, and whether it strictly complies with the Local Rule 56-1(a), this amounts to 'much ado about nothing . . . .'" *Canen v. Chapman*, No. 3:14-CV-315, 2016 WL 695970, at *2 (N.D. Ind. Feb. 22, 2016) (*quoting Nabors v. Wells Fargo*, No. 1:11-CV-273, 2013 WL 3013353, at *15 (N.D. Ind. June 17, 2013)). The Defendant has now filed a Statement of Material Facts, and the Plaintiff will not be prejudiced by the late filing considering it was filed well over a month ago, which exceeds the time in which the Plaintiff should have responded to the Defendant's Motions under the Local Rules in the first place. The Court therefore denies the Plaintiff's Motions to Strike. In the interest of a clear and complete record, the Court will permit the Defendant to

supplement its Motions for Summary Judgment by appending the Statement of Material Facts [ECF No. 134-3].

The Court declines to consider the relevancy or adequacy of the facts as stated in the Defendant's Motions. The parties are aware of their respective summary judgment burdens and may brief any deficiencies in their responses and replies.

**B.     Plaintiff's Request Under Rule 56(d)**

The Plaintiff argues that it is unable to adequately respond to the Defendant's Summary Judgment Motions without first taking Mr. Choate's deposition.

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." In order to succeed on a Rule 56(d) motion, the plaintiff must identify the specific evidence that would create a genuine issue of fact. *Am. Needle, Inc. v. Nat'l Football League*, 538 F.3d 736, 740 (7th Cir. 2008) (overturned on other grounds). "Summary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.'" *Chalimoniuk v. Interstate Brands Corp.*, 172 F. Supp. 2d 1055, 1057–58 (S.D. Ind. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). "Rule 56(d) is not meant to allow a party to block summary judgment by simply offering generalities about the need for further discovery." *Staten v. Nissan N.A., Inc.*, 134 F. App'x 963, 965 (7th Cir. 2005).

Further, "Rule [56(d)] does not operate to protect parties who are dilatory in the pursuit of discovery." *Allan Block Corp. v. Cty Materials Corp.*, 588 F. Supp. 2d 976, 980 (W.D. Wis. 2008) (citing *Doty v. Ill. Cent. R. Co.*, 162 F.3d 460, 461–62 (7th Cir. 1998)). A court may deny a Rule 56(d) motion when a party fails to diligently pursue discovery. *See, e.g.*, *Hu v. Park Nat'l Bank*, 333 F. App'x. 87, 89–90 (7th Cir. 2009) (affirming denial of Rule 56(d) motion because the plaintiff "did nothing during discovery" and waited until two months after the defendant had filed its motion to ask for additional time for discovery).

Likewise, if a party fails to specifically identify the evidence it hopes to obtain with the additional discovery and how that evidence would create a genuine issue of material fact, a court may deny a Rule 56(d) motion. *See, e.g.*, *Davis v. G.N. Mortg. Co.*, 396 F.3d 869, 885 (7th Cir. 2005) (affirming denial of plaintiffs' request for additional discovery); *U.S. v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190–91 (7th Cir. 1995) (affirming denial of defendants' request for additional discovery because the request "lacked specificity concerning what information [the defendants] hoped to uncover and how it would refute [the claims brought against them]").

In support of its contention, the Plaintiff attaches an affidavit signed by Counsel for Plaintiff, Dean McConnell. Mr. McConnell's justification for the Plaintiff's request reads in its entirety:

> Agri-Labs needs the opportunity to take additional discovery in this matter and, in particular, needs to take the deposition of Mr. Choate to obtain facts essential to justify Agri-Labs' opposition to the motion for summary judgment. [] In particular, Agri-Labs needs the opportunity to obtain essential evidence related to TapLogic's "partnership" with the entities involved with the AgPhd Soil Test app, TapLogic's development of the AgPhd Soil Test app, the alleged transfer of ownership of the AgPhd Soil Test app, TapLogic's day-to-day involvement with the system, and so forth.

6

The Plaintiff's affidavit fails to demonstrate with any specificity what information it hopes to uncover by taking Mr. Choate's deposition or how that evidence would create a genuine issue of material fact. The Plaintiff states only that the deposition would yield "essential evidence" regarding several broad issues. The Court also does not find that the Plaintiff has diligently pursued Mr. Choate's deposition. The Plaintiff has had two and a half years to depose Mr. Choate but did not notice him for deposition until after filing its First Motion to Strike. Moreover, the scheduled date for the deposition has come and gone with no apparent effort to reschedule. This does little to persuade the Court that Mr. Choate's deposition is likely to yield material evidence without which the Plaintiff cannot adequately argue its case. Thus, the Plaintiff has failed to persuade the Court that extra time is necessary in order to respond to the Defendant's Summary Judgment Motions. Therefore, the Court denies the Plaintiff's request for additional time to conduct discovery. The Plaintiff will have twenty-eight days from the date of this order in which to respond to the Defendant's Summary Judgment Motions.

C.     **Plaintiff's Request for Court-Ordered Mediation**

The Plaintiff argues that the Court should order the parties to engage in non-binding litigation because "TapLogic has repeatedly rebuked any and all efforts made by Agri-Labs to amicably resolve this matter." (Pl. First Mot. To Strike 2.) However, "many courts . . . are very reluctant to order a party to participate in mediation when the party does not wish to do so." *Andersen v. Vavreck*, No. 15–CV–667–PP, 2016 WL 7839152 (E.D. Wis. Mar. 10, 2016). *See also Radian Asset Assur., Inc. v. Coll. Of Christian Bros. of N.M.*, No. CIV 09–0885, 2010 WL

5150718, at *4 (D.N.M. Nov. 3, 2010) (finding "[t]here is no purpose to be served ordering mediation . . . before [the party] is ready"). By the Plaintiff's own argument, it does not appear that the Defendant is currently amenable to settlement, and the Court sees no reason to force the parties to engage in what is likely to be an exercise in futility. Thus, the Court denies the Plaintiff's request for the Court to order the parties to engage in non-binding mediation.

## CONCLUSION

For the reasons set forth above, the Court DENIES Agri-Labs' Motion to Strike TapLogic's Motion for Summary Judgment, Request Under Federal Rules of Civil Procedure 56(d) and Request for Court Ordered Mediation [ECF No. 133] and DENIES Agri-Labs' Motion to Strike TapLogic's Motion for Summary Judgment, Request Under Federal Rules of Civil Procedure 56(d) [ECF No. 135]. The Plaintiff must respond to the Defendant's Motions for Summary Judgment within twenty-eight days of the date of this Order. In the interest of a clear and complete record, the Defendant may supplement its Motions for Summary Judgment by appending the Statement of Material Facts [ECF No. 134-3].

SO ORDERED on September 18, 2017.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT