**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| AGRI LABS HOLDINGS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CV-26-TLS |
| | ) | |
| TAPLOGIC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant TapLogic LLC's Motion to Alter or Amend Order on Summary Judgment or in the Alternative as a Renewed Motion for Summary Judgment [ECF No. 155], filed on February 13, 2018, which the Court construes as a motion for reconsideration of the Court's summary judgment Opinion and Order [ECF No. 152] under Federal Rule of Civil Procedure 54(b). Plaintiff Agri Labs Holdings LLC responded [ECF No. 158] on March 6, 2018, and the Defendant replied [ECF No. 159] on March 20, 2018. This matter is now fully briefed and ripe for review.

In its January 16, 2018, Opinion and Order, the Court granted in part and denied in part the Defendant's Motion for Summary Judgment [ECF No. 131] of non-infringement, denied the Defendant's Motion for Summary Judgment [ECF No. 129] of invalidity, and denied the Plaintiff's Motion for Summary Judgment [ECF No. 142] of infringement. The only remaining claim in this action is the Plaintiff's claim that the Defendant indirectly infringes Independent Claim 1 of U.S. Patent No. 8,268,857 ("the '857 Patent") regarding a "Soil Sample Tracking System and Method." The Plaintiff alleges that the AgPhD Soil Test application ("the AgPhD App"), developed by the Defendant for use with smartphones, violates the claimed method. The

Plaintiff accuses the Defendant of infringement because when the end-users of the AgPhD App use the app for its intended purpose, end-users directly infringe Independent Claim 1, and the Defendant induces such infringement. The Defendant argues in the instant Motion that it does not induce infringement for reasons including that it only provided instructions for use of the AgPhD App, which is not enough to demonstrate inducement; it does not own or control the AgPhD App or website; the instructions were composed and placed on the website prior to the Defendant's knowledge of the '857 Patent; the Plaintiff has not provided evidence of specific intent to induce infringement; non-infringing methods for using the AgPhD App were always available to end-users; and there was no direct infringement because no single entity performed all of the steps of the claimed method.

## ANALYSIS

"Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order [under Rule 54(b)] may be entertained and granted as justice requires." *Azko Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995). Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order [under Rule 54(b)]." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). A court

may reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)).

"Motions for reconsideration serve a limited function[:] to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (internal quotation omitted). Motions to reconsider do not "serve as the occasion to tender new legal theories for the first time." *Id.*

The Court has already addressed the majority of the Defendant's arguments, which are rife with issues of fact. Despite the Defendant's assertion that the Court "has not fully addressed" certain facts that are in dispute "in the context of inducement," the Court has already considered these arguments and found that they present questions of fact that cannot be resolved on summary judgment. "[T]he court is not required to rehash arguments that already were addressed and decided." *McGrath v. Everest Nat. Ins. Co.*, 668 F. Supp. 2d 1085, 1119 (N.D. Ind. 2009). The Court therefore will not reconsider these arguments and affirms its reasoning as set forth in its summary judgment Order and Opinion.

In addition to re-hashing its previous arguments, the Defendant argues that it cannot be liable for induced infringement because any acts undertaken by the Defendant in relation to the AgPhD App occurred prior to its knowledge of the '857 Patent. However, the Defendant did not make that argument in its summary judgment briefing, and the Defendant has therefore waived it. *McGrath*, 668 F. Supp. 2d at 1118–19 (finding party waived argument because "no new arguments may be presented [in a motion for reconsideration] which were not presented in the original briefs on summary judgment") (citing *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)).

However, even if the Defendant did not waive this argument, the Court does not find it persuasive. An argument that a defendant did not commit any inducing acts after receiving notice of the patent has merit because "[a] crucial element of induced infringement is that the inducer must have actual or constructive knowledge of the patent." *Insituform Tech., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 696 (Fed. Cir. 1998). "[S]ubsequent action taken on a product that was sold free from liability cannot subject a defendant to inducement liability." *Tesco Corp. v. Weatherford Int'l., Inc.*, 722 F. Supp. 2d 755, 777 (S.D. Tex. 2010) (citing *Fonar Corp. v. General Elec. Co.*, 107 F.3d 1543 (Fed. Cir. 1997)). Thus, if the only acts taken by the Defendant in this case after receiving notice of the '857 Patent were on behalf of customers that had already purchased the AgPhD App, the Plaintiff would not have a cognizable claim for induced infringement.

However, in this case, there is a question of fact as to whether the Defendant committed inducing acts after it became aware of the '857 Patent. Where an accused infringer engaged in other inducing acts after becoming aware of the patent, it may be liable for inducing infringement. *See Crypto Research, LLC v. Assa Abloy, Inc.*, 236 F. Supp. 3d 671, 687 (E.D.N.Y. 2017) (denying motion to dismiss where the plaintiff alleged that the defendants "continued to make, use, offer to sell, sell, and/or import into the United States" even after receiving notice); *e.Digital Corp. v. Research in Motion Ltd.*, No. 13cv781, 2013 WL 12095242, at *3 (S.D. Cal. Aug. 28, 2013) (noting that the requisite intent for induced infringement could be found for acts occurring after notice); *Ocean Innovations, Inc. v. Archer*, 483 F. Supp. 2d 570, 582 (N.D. Ohio 2007) (granting reconsideration of summary judgment order, finding that the plaintiffs had sufficiently proved inducing acts after notice); *Lifescan, Inc. v. Can-Am Care Corp.*, 859 F. Supp. 392, 396 (N.D. Cal. 1994) (finding that warning sticker on products that were sold after

the defendant had notice of the patent was ineffective to prevent instances of direct infringement, opening accused infringer up to potential liability for induced infringement); *Avery Dennison Corp. v. UCB Films PLC*, NO. 95 C 6351, 1997 WL 567799, at *4 (N.D. Ill. Sept. 4, 1997) (finding that defendant's "apparent promotion" of its product for use in the accused process by others was sufficient to preclude summary judgment even without direct evidence of contact between the defendant and the alleged direct infringers).

There is evidence of record of other acts taken by the Defendant after receiving notice of the '857 Patent from which a reasonable fact-finder could find the Defendant liable for induced infringement. For example, in his deposition, Paul Choate testified that up until July of 2017, the Defendant continued to handle much, if not all, of the technical support for the AgPhD App; the Defendant continued to list the AgPhD App on its own website as part of its "family of products" until the summer of 2017, which could be construed as promoting the AgPhD App; the Defendant continued to "do some work on [the agphdsoiltest.com website] from time to time," from which a fact-finder could infer that the Defendant had access to and control of the website, contrary to the Defendant's assertion; there is some indication that the Defendant profited from sales of the AgPhD App after receiving notice; and there is evidence that at some point in time, the Defendant directly charged a customer who ordered soil sample containers through the website, from which, in combination with other evidence regarding the Defendant's profits, a fact-finder could infer that the Defendant continued to make such sales and actively charge customers after receiving notice. Although the Defendant may dispute the veracity of or the weight to be given to this evidence, it is not within the province of the Court to make such findings of fact at the summary judgment stage.

Therefore, the Court DENIES the Defendant's Motion to Reconsider [ECF No. 155] and AFFIRMS its reasoning in its January 16, 2018 Order and Opinion. The Court also AFFIRMS the trial date set for September 17, 2018, at 9:00 A.M. Eastern Standard Time before Chief Judge Theresa L. Springmann.

SO ORDERED on April 3, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT